UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 05-80601-WRS |
| | Chapter 7 |
| ALPHA LEE SMITH, | |
|     Debtor | |
| ALPHA SMITH and | |
| VERA SMITH, | |
|     Plaintiffs | Adv. Pro. No. 06-8017-WRS |
|   v. | |
| CITIFINANCIAL MORTGAGE | |
| COMPANY INC. and FIRST CAPITAL | |
| MORTGAGE CORPORATION, | |
|     Defendants | |

## MEMORANDUM DECISION

This Adversary Proceeding came before the Court for a Status Conference on June 7, 2006. The Plaintiffs were present by counsel Charles James and Defendant CitiFinancial Mortgage Company, Inc., was present by counsel Glen Glover. The Plaintiffs have moved to remand this Adversary Proceeding to the Circuit Court for Macon County, Alabama. (Doc. 7). Defendant CitiFinancial Mortgage Company opposes remand. The parties have briefed the issues. (Docs. 8, 11, 12). For the reasons set forth below, the Plaintiff's motion is GRANTED and this Adversary Proceeding is REMANDED to the Circuit Court for Macon County, Alabama.

# I. FACTS

On April 11, 1989, the Plaintiffs borrowed approximately $21,000 from First Capital Mortgage Corporation, giving them a second mortgage on the Plaintiffs' residence in Tuskegee, Alabama. The loan had a term of 15 years. Assuming that the payments were made on time as called for by the note, the indebtedness should have been paid off on April 17, 2004. The Plaintiffs contend that their mortgage was satisfied or at least should have been satisfied on that date. The mortgage and loan were transferred several times, ultimately coming into the hands of Defendant Citifinancial Mortgage.

Plaintiff Alfa Lee Smith, one of the Plaintiffs, filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on April 18, 2005. On April 26, 2005, Defendant Citifinancial Mortgage filed a proof of claim in this Court contending that they were owed $10,156.96. On February 6, 2006, Plaintiff Vera Smith paid Citifinancial $8,282.00, which satisfied the amount which Citifinancial claims it was then owed.[1] The Plaintiffs then brought suit against Citifinancial Mortgage in the Circuit Court for Macon County alleging fraud, breach of contract and several other claims, all of which are State Law causes of action. All of the claims in the Macon County suit arise out of what the Plaintiffs' allege was an overcharge to release the second mortgage. The proceeds of the suit against Citifinancial Mortgage are to be

---

[1] This is the amount which Defendant Citifinancial then contended was due and owing. The Plaintiffs contend that the mortgage had been paid in full and that this amount was wrongfully extracted from them. The Court notes that Defendant Alpha Lee Smith, the Debtor in the underlying Chapter 13 case, could have filed an objection to the claim of Citifinancial and litigated the Citifinancial claim through the claims allowance process in Bankruptcy Court. See, 11 U.S.C. § 501-02; see also, Bankruptcy Rules 3001-08. Rather, the nondebtor Plaintiff elected to pay the disputed claim directly and sue in State Court. In the view of this Court, that election is one allowed by law.

paid to the Chapter 13 Trustee for distribution under the Debtor's (Alpha Smith) Chapter 13 Plan. (Case No. 05-80601, Docs. 23, 26).

On May 17, 2006, Defendant Citifinancial Mortgage removed the civil action from the Circuit Court for Macon County to this Court. (Doc. 1). On June 7, 2006, the Plaintiffs timely moved to remand. The motion has been briefed by the parties. (Docs. 8, 11, 12).

## II. LAW

### A. Mandatory Abstention

The Plaintiffs contend, <u>inter alia</u>, that this Court is required to abstain from hearing this matter, citing the provisions of 28 U.S.C. § 1334(c)(2), which provides as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

The "shall abstain" language in this statute indicates that the District Court is without discretion to hear this matter if the provisions of § 1334(c)(2) apply. <u>Hatcher v. Lloyd's of London</u>, 204 B.R. 227, 234, (M.D. Ala. 1997); <u>see also</u>, <u>Christo v. Padgett</u>, 223 F.3d 1324, 1331-32 (11th Cir. 2000)(mandatory abstention applies to removed actions). Analysis of § 1334(c)(2) shows that there are four elements that must be present for mandatory abstention to apply: (1) a timely motion; (2) claim based upon State law claim or State law cause of action; (3) cause of action

must be "related to" case under title 11, but not "arise under title 11, or arise in case under title 11; and (4) case can be timely adjudicated in State Court of appropriate jurisdiction.

### 1.  Timely motion

The first element is the requirement of a timely motion.  This Adversary Proceeding was removed to this Court on May 17, 2006.  The Plaintiffs' moved to remand on June 7, 2006.  Under these facts, the motion is timely.

### 2.  Based upon State law

The second element is that the proceeding must be "based upon a State law claim or State law cause of action."  Examination of the complaint here indicates that the claims are for fraud and breach of contract, which are clearly State law causes of action.

### 3.  "Related to" but not "arising under" or "arising in"

The third element is that the cause of action must be one "related to a cause under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section."  This element will be discussed in two parts.  First, the "related to" requirement will be considered and second, it will be determined whether the proceeding is one arising under title 11 or arising in a case under title 11.

The United States Court of Appeals for the Eleventh Circuit handed down a decision in 1990, adopted the test for "related to" jurisdiction which had first been articulated by the Third Circuit in Pacor, Inc., v. Higgins, 743 F.2d 954, 994 (3rd Cir. 1984).

> In Pacor, Inc. v. Higgins, the Third Circuit enunciated a test for determining whether a civil proceeding is sufficiently related to a bankruptcy to confer federal jurisdiction on the district court. "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." Miller v. Kemira, Inc., (In re: Lemco Gypsum, Inc.), 910 F.3d 784, 788 (11th Cir. 1990); see also, Continental National Bank of Miami v. Sanchez, (In re: Toledo), 170 F.3d 1340, 1345 (11th Cir. 1999).

Returning to the specifics of the Plaintiffs' claim, they seek to recover funds they have overpaid to Defendant Citifinancial as well as damages. The recovery from this cause of action has been pledged to satisfy the Debtor's obligations under his Chapter 13 Plan. (Case No. 05-80601, Docs. 23, 26). Therefore, the outcome of the cause of action will have an impact on how much and how soon the creditors in the underlying Chapter 13 case are paid. It then follows that this cause of action is "related to" the underlying bankruptcy proceeding. Defendant CitiFinancial does not dispute that this Court has "related to" jurisdiction. (Doc. 11, pp. 5-7).

Next the Court must consider whether the claims of the Plaintiffs arise under title 11 or arise in a case under title 11. The Eleventh Circuit in Toledo stated that: "'Arising under' means

that a proceeding invokes a cause of action, or substantive right, created by a specific section of the Bankruptcy Code. [citations omitted]. 'Arising in' describes administrative matters unique to the management of a bankruptcy estate.'" Toledo at 1349. Clearly, the cause of action in question here has nothing to do with the Bankruptcy Code, nor does it have anything to do with the administration of the estate of the underlying bankruptcy case. Therefore, because the underlying cause of action will have an effect upon the administration of the estate it is "related to," but because it does not depend upon the Bankruptcy Code or the existence of a bankruptcy case, it does not arise under Title 11 nor does it arise in a case under Title 11. Thus, the third element is satisfied.

Defendant Citifinancial contends that this Court has "arising under" jurisdiction, as well as "related to" jurisdiction. (Doc. 12, pp. 8-9). Citifinancial argues that "arising under" jurisdiction exists because it contends that it is entitled to rely on the provisions of the confirmed plan, citing 11 U.S.C. § 1327(a). The argument of Citifinancial fails for two reasons. First, Citifinancial ignores the fact that the Debtor amended his plan to provide that the proceeds of his cause of action against Citifinancial would be used to fund the Chapter 13 Plan. Therefore, the order confirming the amended plan would not preclude the Debtor's cause of action against Citifinancial.

Second, even if one could argue that the order of confirmation was preclusive, it still would not vest this Court with "arising under" jurisdiction. The argument made by Citifinancial is nearly identical to the argument made by Transouth Financial and rejected by the District Court in Transouth Financial Corp. v. Murry, 311 B.R. 99, 104-05 (M.D. Ala. 2004). As the District Court stated in Murry, "the problem with the Creditors' argument is that § 1327 confers jurisdiction is that the Supreme Court has held that 'claim preclusion by reason of a prior federal

judgment is a defensive plea that provides no basis for removal under 28 U.S.C. § 1441(b).'" Transouth Financial v. Murry, 311 B.R. 99, 104 (citing Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 478, 118 S.Ct. 921, 139 L.Ed.2d 921 (1998)). Therefore, even if Citifinancial could argue that the order of confirmation was preclusive and therefore barred the Plaintiffs' claims, this does not create Federal jurisdiction.

### 4. Timely adjudication

The fourth element is that an action is commenced and can be timely adjudicated in a State forum of appropriate jurisdiction. The record in this case shows that an action has been commenced in the Circuit Court for Macon County, Alabama. Defendant Citifinancial does not contend that the action can be timely adjudicated there. (Doc. 12). Therefore, the fourth element is satisfied.

### III. CONCLUSION

This Adversary Proceeding should be remanded to the Circuit Court for Macon County, Alabama because the doctrine of mandatory abstention, as set for in 28 U.S.C. § 1334©)(2), requires that this Court abstain from hearing this cause of action. As provided above, the four

elements of mandatory abstention are present and for this reason, the Plaintiffs' motion to remand should be granted. The Court will enter an order of remand on a separate document.

Done this 23rd day of August, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Charles James, Attorney for Plaintiffs
  Glenn Glover, Attorney for CitiFinancial
   First Capital Mortgage Corporation, Defendant